IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 8:07CR396 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| KELSEY PETERSON, | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the court on the defendant's Motion for a Bill of Particulars (#42), Rule 18 Motion to Transfer Defendant's Trial to the Proper District (#44), and her Motion to Detain Material Witnesses (#46).

**Motion for Bill of Particulars (#42)**

Defendant asks this court to grant her a bill of particulars allowing access to information relating to the defendant's charge of transportation of a minor with intent to engage in criminal activity in violation of 18 U.S.C. § 2423(a).  The court has broad discretion in determining whether to grant or deny a bill of particulars.  *United States v. Stephenson*, 924 F.2d 753, 762 (8th Cir. 1991).

Specifically, the defendant requests a bill of particulars so that she can identify the alleged "sexual activity for which a person could be prosecuted," the jurisdiction in which the government claims the defendant could be prosecuted, the specific statutes under which the government alleges the defendant could be prosecuted, and a summary of the facts upon which the government will rely to prove the defendant traveled in interstate commerce with the intent to engage in prohibited sexual activity.  I find the motion should be granted in part and denied in part.

The primary function of a bill of particulars is to notify the defendant of the precise nature of the charges, to give her the opportunity to prepare her defense, and to prevent or minimize the element of surprise at trial.  *See, e.g., United States v. Shepard*, 462 F.3d 847, 860 (8th Cir.), *cert.*

*denied*, 127 S.Ct. 838 (2006).   Considering these factors,  I find that the motion for a bill of particulars should be granted, in part.  The government shall, on or before May 23, 2008, file a bill of particulars naming the jurisdictions in which the government claims the defendant could be prosecuted, the specific statutes under which she could be prosecuted, and the specific locations and dates of the alleged sexual activity.  The motion is denied as to its remaining requests.

### Rule 18 Motion to Transfer Defendant's Trial to the Proper District (#44)

Defendant moves the court to change venue to either California or Colorado on the ground that the venue in Nebraska is improper.

Venue in this case is controlled by 18 U.S.C. § 2433 (continuing crimes) and by the holding in *United States v. Cole*, 262 F.3d 704, 710 (8th Cir. 2001) (prosecution of offender who removed child from Arkansas and transported her to other states where they had consensual sex was proper in Arkansas despite argument crime was not committed until sexual activity took place).  I find that venue in Nebraska is proper.  The motion to transfer venue is denied.

### Motion to Detain Material Witness (#46)

Defendant moves the court pursuant to 18 U.S.C. § 3144[1] for an order detaining Maria Rodriguez and Fernando Rodriguez, as material witnesses, based on the assertion that "it may become impracticable to secure the presence of either or both of these witnesses at the time of trial." According to the defendant, these witnesses have requested that they not be interviewed by

---

[1]18 U.S.C. § 3144 provides:

> If it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding, and if it is shown that it may become impracticable to secure the presence of the person by subpoena, a judicial officer may order the arrest of the person and treat the person in accordance with the provisions of section 3142 of this title. No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice. Release of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure.

defense counsel prior to trial. The defendant also asserts, without additional facts, that the witnesses "may" not appear at trial.

I find that the defendant has failed to make a sufficient showing to justify the arrest of the alleged victim and his mother. The motion is denied.

**IT IS ORDERED:**

1. Defendant's Motion for a Bill of Particulars (#42) is granted in part and denied in part. The government shall file the Bill of Particulars on or before **May 23, 2008.**

2. Defendant's Rule 18 Motion to Transfer Defendant's Trial to the Proper District (#44) is denied.

3. Defendant's Motion to Detain Material Witnesses (#46) is denied.

4. Pursuant to NECrimR 57.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" within ten (10) days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order *is clearly erroneous or contrary to law*. The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal. See NECrimR 57.2(d).

**DATED May 9, 2008.**

BY THE COURT:

s/ F.A. Gossett
**United States Magistrate Judge**